**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ANDREW RASHAUN ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00426-TWP-CSW |
| | ) | |
| AMY FICKLIN DEBROTA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING COMPLAINT, AND ORDER TO SHOW CAUSE**

This matter is before the Court on *pro se* Plaintiff Andrew Rashaun Adams' ("Adams"), motion to proceed *in forma pauperis*[1] (Dkt. 2). Because Adams is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**A. Filing Fee**

Adams' motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Dkt. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Adams' *in forma pauperis* status. *Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, No. 14-cv-53, 2015 WL

[1] Mr. Adams filed a form Application to Proceed Without Prepaying Fees or Costs on Appeal, which applies only to appeals and not district court actions. Nevertheless, Mr. Adams' form contains the information required by this Court's Request to Proceed in District Court Without Prepaying the Filing Fee, so the Court will construe it as such.

4773135, at *5 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B. Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### C. <u>The Complaint</u>

In his form Complaint, Adams checks the box for "Federal question" as the basis for jurisdiction in this federal Court. Adams asserts a defamation claim against attorney Amy DeBrota ("DeBrota"), citing 28 U.S.C. § 4101. The Complaint specifically alleges that in August 2023, Adams emailed DeBrota requesting her help in changing his legal name and gender marker (Dkt. 2-1 at 2). Adams explained that he wants to change his name to "Andrea Rashauna Adamina" and his gender to "female" so he can apply to Stephens College, which is an all-women's college. *Id.* DeBrota responded, asking if Adams is transgender and/or suffers from gender dysphoria or if he just wants to change his name and gender to apply to Stephens College. *Id.* at 3. Adams responded, "just to get into this college." *Id.* at 4. He later re-confirmed that he is not transgender, does not know what gender dysphoria is, and wants to change his name and gender "just to get into this college." *Id.* at 5. DeBrota replied, "I have no interest in helping you. I think what you'd like to do is dishonest and frankly harmful to trans people. I want [n]o part of it." *Id.* at 6. Adams alleges that DeBrota defamed him by describing his conduct as dishonest and harmful to transgender people (Dkt. 1 at 5).

### D. <u>Dismissal of the Complaint</u>

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. Cnty. of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is

lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations in the Complaint, this Court does not have jurisdiction to adjudicate Adams' defamation claim. To start, Adams does not identify a federal statute or law at issue. The statute cited in the Complaint, 28 U.S.C. § 4101, simply defines terms, including "defamation," in the context of foreign judgments. That statute does not create a private cause of action. *See Couch v. City of Va. Beach*, No. 22cv196, 2025 WL 672733, at *1 n.1 (E.D. Va. Mar. 3, 2025); *Sanders v. Hill*, No. 23cv1949, 2023 WL 8544229, at *2 (N.D. Ohio Dec. 11, 2023). Adams' defamation claim therefore arises under Indiana state law. For a federal court to hear a case

with only state law claims, diversity jurisdiction under 28 U.S.C. § 1332 must be present, but Adams has not adequately alleged diversity of citizenship. Based on his and DeBrota's addresses (Dkt. 1 at 3–4), both parties appear to be citizens of Indiana, so diversity jurisdiction is lacking. Because Adams has not shown that this Court has either federal question or diversity jurisdiction, his Complaint must be dismissed for lack of subject-matter jurisdiction.

Further, even if Adams could establish diversity jurisdiction, his Complaint does not adequately allege a defamation claim under Indiana law. To recover in an action for defamation, a plaintiff must prove four elements: (1) a false and defamatory communication; (2) malice; (3) publication; and (4) damages. *Kelley v. Tanoos*, 865 N.E.2d 593, 596–97 (Ind. 2007). The Complaint fails to satisfy at least the second and third elements. Adams does not allege that DeBrota acted with malice. *See Mourning v. Allison Transmission, Inc.*, 72 N.E.3d 482, 490 (Ind. Ct. App. 2017). Adams also does not allege "publication" of DeBrota's statements. "[I]n order to prove a claim of defamation, 'the plaintiff must show that the defamatory matter was "published," that is, communicated to a third person or persons.'" *Sch. City of Hammond Dist. v. Rueth*, 71 N.E.3d 33, 43 (Ind. Ct. App. 2017) (quoting *Bals v. Verduzco*, 600 N.E.2d 1353, 1354 (Ind. 1992)). As shown in the emails between DeBrota and Adams (Dkt. 2-1), DeBrota sent her allegedly defamatory statements only to Adams, and not anyone else. The Complaint therefore fails to state a claim for defamation.

**E. <u>Opportunity to Show Cause</u>**

Adams shall have through **Friday, April 11, 2025**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Adams elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Adams claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## CONCLUSION

For the reasons stated above, Adams' motion to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**. Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Adams is granted leave to file an amended complaint– if doing so will not be futile – by no later than **Friday, April 11, 2025**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**

Date: 3/10/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANDREW RASHAUN ADAMS
483 Cobblestone Rd.
Avon, IN 46123