**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ANDREW RASHAUN ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00426-TWP-CSW |
| | ) | |
| AMY FICKLIN DEBROTA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY DISMISSING ACTION, DENYING MOTION AS MOOT, AND DIRECTING ENTRY OF FINAL JUDGMENT**

In the Entry of March 10, 2025, the Court screened *pro se* Plaintiff Andrew Rashaun Adams ("Adams") Complaint and explained that it is subject to dismissal for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B) because of a failure to state a claim upon which relief may be granted (Dkt. 6). Specifically, the Court explained that Adams' defamation claims arise under state law, not federal law, and that the initial Complaint did not allege diversity of citizenship between Adams and Defendant Amy DeBrota ("DeBrota"), which must be present for a federal court to hear state law claims. The Court further explained that Adams' Complaint did not adequately allege all of the elements of defamation because it did not allege that DeBrota acted with malice or that she published the allegedly defamatory statements to any third party. *Id.* at 4–6. The Court gave Adams an opportunity to amend his Complaint no later than April 11, 2025, and show cause why this case should not be dismissed because of lack of subject-matter jurisdiction.

On March 17, 2025, Adams filed a self-typed "Motion" that responds to various Notices issued by the Court, restates the facts alleged in his initial Complaint, and makes requests to attend hearings virtually (Dkt. 8). On April 10, 2025, Adams filed an Amended Complaint that he typed himself (Dkt. 9), and on April 11, 2025, he filed a form Complaint for a Civil Case (Dkt. 10). Both

of these Amended Complaints are similarly deficient and fail to address or cure the problems of the initial Complaint by continuing to fail to state a claim upon which relief may be granted. In his Amended Complaints, Adams identifies federal question, 28 U.S.C. § 1331, as the basis for this Court's jurisdiction but continues to assert only state law claims against DeBrota ("Assault, Libel, Slander") (Dkt. 10 at 2). *See Slottke v. State of Wis. Dep't of Industry Labor & Human Relations*, No. 16-cv-1392, 2017 WL 4990572, at *4 (E.D. Wis. Oct. 30, 2017) (stating "there is no independent federal cause of action" for defamation, libel, or slander). As the Court stated in the March 10, 2025 Entry, "[f]or a federal court to hear a case with only state law claims, diversity jurisdiction under 28 U.S.C. § 1332 must be present" (Dkt. 6 at 5). The Amended Complaints allege that Adams and DeBrota are citizens of Indiana, and the Court therefore lacks diversity jurisdiction to hear Adams' claims (Dkt. 9 at 1; Dkt. 10 at 2–3). Additionally, the Amended Complaints merely restate the factual allegations in the initial Complaint and continue to fail to adequately allege the elements of a claim for defamation, slander, libel, or assault under Indiana law. This action therefore must be dismissed for lack of subject-matter jurisdiction.

The Court gave notice to Adams regarding the jurisdictional deficiencies of his initial Complaint and provided him with an opportunity to respond. *See Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014). Because Adams has failed to cure the deficiencies of his initial Complaint, for the reasons discussed in the screening Entry, this action is **dismissed for lack of jurisdiction**, and his "Motion" (Dkt. 8) is **denied as moot**. *See* 28 U.S.C. § 1915(e)(2)(B). Final judgment consistent with this Entry will be issued under separate order.

**SO ORDERED.**

Date: 4/14/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANDREW RASHAUN ADAMS
483 Cobblestone Rd.
Avon, IN 46123